132 So.2d 246

### HOME SPECIALTY PEST CONTROL COMPANY

v.

### Malcolm FREW.

6 Div. 700.

Supreme Court of Alabama.

June 29, 1961.

**414**

Corretti & Newsom, Birmingham, for appellant.

Hogan, Callaway & Vance, Birmingham, for appellee.

GOODWYN, Justice.

This is an appeal from a decree of the circuit court of Jefferson County, in equity, denying a temporary injunction in a suit brought by appellant to enjoin appellee from engaging in a competing business. The basis of the suit is an agreement entered into between the parties whereby the appellee, as an employee of appellant, agreed not to engage in the pest control business or any business engaging in the eradication and control of rats, mice, bugs, vermin, termites, beetles and other insects within the territory "known as cities of 50 mile radius of Birmingham" for a period of two years immediately following the termination of appellee's employment with appellant. The bill seeks both a temporary and a permanent injunction.

The bill was filed on January 17, 1961, and presented to the trial judge on that day on the application for temporary injunction. At that time an order was entered setting February 6, 1961, as the day for hearing the application. On such hearing considerable testimony was taken orally before the trial court. Thereafter, on February 7, 1961, a decree was entered denying the temporary injunction. On February 16, 1961, complainant brought this appeal from that decree pursuant to Code 1940, Tit. 7, § 1057.

It has been held that "an injunction, whether permanent or temporary, cannot, as a general rule, be sought as a matter of right, but the power to grant or refuse it rests in the sound discretion of the court, under the circumstances and facts of the particular case." Corte v. State, 259 Ala. 536, 542, 67 So.2d 782; City of Mobile v. Farrell, 229 Ala. 582, 587, 158 So. 539; 43 C.J.S. Injunctions § 14, p. 420. It is also an established principle that the relative convenience and inconvenience that may result to the parties by the issuance or denial of a temporary injunction may be taken into consideration. McLean v. Church of God, 254 Ala. 134, 138, 47 So.2d 257.

From a consideration of the facts and circumstances of this case, we are unwilling to say that the trial court acted arbitrarily or abused its discretion in denying the temporary injunction.

The decree appealed from is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.