172 So.2d 536

**DRAKE ASSOCIATES, INC.**

v.

**Kenneth N. LETSON et al.**

8 Div. 178.

Supreme Court of Alabama.

March 4, 1965.

Bell, Richardson, Cleary, McLain & Tucker, Huntsville, for appellant.

Cloud, Berry & Ables and Lanier, Price, Shaver & Lanier, Huntsville, for appellees.

SIMPSON, Justice.

Appeal from the refusal of the Circuit Court of Madison County to grant a temporary injunction pending a declaratory judgment action. The bill was in the nature of a bill of peace which sought a declaratory judgment and temporary injunction or alternatively a stay of proceedings of certain suits on the law side of the Circuit Court which were all appeals from a decision of the Board of Adjustment of the City of Huntsville.

No evidence was presented at the hearing of the bill; only the sworn bill of complaint. Appellant is a corporation composed of a group of physicians who propose to build a private hospital and purchased a tract of land pursuant to these plans which tract of land was zoned "Residence 1 A" by the City of Huntsville. A section of the zoning ordinance provides that a special exception may be granted in Residence 1 A districts for the construction of a private hospital. After an open hearing before the Board of

Adjustment the members of the Board voted to grant the requested special exception provided that no physicians' offices should be located on the tract; no nurses' quarters or employees' quarters be located on the tract; the pharmacy would be used only for in-patients; and the hospital would contain a minimum of 225 beds. Numerous land-owners in the surrounding area, who are appellees herein, filed appeals to the Circuit Court in some five separate cases. Appellant also filed its appeal to the Circuit Court stating that it was also aggrieved by the Board's decision. All these appeals demanded trials by jury.

Appellant's bill for declaratory judgment averred in substance as follows: that it was the real party in interest in all appeals—not the Board of Adjustment—in that its interest was adverse to other parties; that it believed that the Board of Adjustment would not defend the appeals brought against it; that a bona fide dispute existed; that it has no adequate remedy at law; that the bill would settle in one proceeding the rights of all parties concerned and would grant appellant relief from uncertainty and insecurity with respect to its rights which would result from the trial of seven different independent appeals involving the same subject matter; appellant prayed that the lower court issue a temporary writ of injunction enjoining appellees from proceeding further in their appeals from the decision of the Board of Adjustment or in the alternative a stay of proceedings of those certain appeals until such time as the bill for declaratory judgment could be heard and determined by the court.

The rule is clear and has been often stated by this Court that in passing on the application for the issuance of an injunction pendente lite, the trial court is vested with wide judicial discretion and has the right to consider and weigh the relative degree of injury or benefit to the respective parties, and only where such judicial discretion is abused will the order of the lower court be disturbed. Slay v. Hess, 252 Ala. 455, 41 So.2d 582; and cases cited; Home Specialty Pest Control v. Frew, 272 Ala. 413, 132 So.2d 246; and cases cited. Therefore, the sole and only question before this Court on this appeal is whether the lower court abused its judicial discretion in refusing to grant the injunction pendente lite.

The cases are clear to the further effect that an injunction cannot be sought as a matter of right. Home Specialty Pest Control v. Frew, supra.

Appellant initially made application for consolidation of all seven appeals on the law side of the court prior to filing the instant action, which application was denied. This action of the trial court is not subject to review on the present appeal.

We have carefully reviewed the record and are clear to the conclusion that there has not been such an abuse of discretion as would dictate a reversal of the judgment made by the lower court.

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.