187 So.2d 244

**SOUTHERN ROCK PRODUCTS COMPANY, Inc.**

v.

**Guy L. SELF et al.**

**6 Div. 218.**

Supreme Court of Alabama.

March 31, 1966.

Berkowitz, Lefkovits, Vann, Patrick & Smith, Birmingham, for appellant.

Bishop & Carlton, Birmingham, for appellees.

SIMPSON, Justice.

This is an appeal from the denial of a preliminary injunction sought by the appellant against the building inspector of the City of Trussville and the chief of police of the City of Trussville, and the City of Trussville, a municipal corporation.

The appellant is an Alabama corporation in the business of quarrying limestone and sought this injunction to restrain the appellees from interfering with appellant in the operation of its business. The bill alleged that appellant would suffer irreparable loss if the temporary injunction were not issued. The court denied the injunction and this appeal followed.

All of the facts are not undisputed. Basically, it appears that the appellant negotiated with one Appleton for the rights to quarry and remove limestone from Appleton's property which is situated within the police jurisdiction, but outside the city limits of the City of Trussville. Shortly after the negotiations with the landowner had been concluded and an agreement worked out, the appellant met with the members of the Planning Board of the City of Trussville and with its building inspector to discuss the proposed quarrying operation on the property involved. At the conclusion of that meeting the Planning Board voted in favor of the following motion:

"Mr. Braden moved that the Planning Board recommend that the Building Inspector be authorized to issue the necessary permits and license to get this operation underway and that we welcome them to Trussville."

The appellant contends that following this meeting he was issued a business license. He was told that the building permit required by the ordinances of the city would be forthcoming and professes to have been assured that there would be no objection to the operation of the quarry by the City of Trussville. Following this meeting, the appellant entered into several agree-

ments, the final agreement with the landowner to pay him $1,000 per month for not less than four years after the quarrying operations were commenced. Appellant agreed to supply customers varying amounts of limestone which it anticipated obtaining from the operation of the quarry on the property in question.

At no time was the building permit issued by the city, although the appellant made application for one. Subsequent to the meeting referred to above, the City of Trussville returned to appellant the amount it had paid for the business license. In response to appellant's application for a building permit or license, it is argued by the appellees that the City Building Inspector made a thorough investigation of the applications and concluded that

> " * * * the operation proposed by Southern Rock Products Company for which they sought a permit in applications dated March 22 and April 13, 1965, would cause noise, vibration, fumes, dust and other objectionable conditions which would affect a considerable portion of Trussville."

The property in question is classified by ordinance of the appellee City of Trussville as M-2 General Industry and the ordinance with respect thereto provides:

> "USES PERMITTED: Any industrial, service or commercial use, except those which in the opinion of the Building Inspector would cause noise, smoke, gas, vibration, fumes, dust, or other objectionable conditions which would affect a considerable portion of the city.

> "USES PERMITTED ON APPEAL: Any industrial, service or commercial use, and subject to such conditions and safeguards as the Board of Adjustment may require to preserve and protect any portions of the city which otherwise could be adversely affected; residences and apartments in existing residential areas.

> "USES PROHIBITED: None."

The appellant was notified that its application had been denied. It then sought an injunction to restrain the city officials and the City of Trussville from interfering with the operation of the quarry and the construction of structures and roads leading up to the operation of the quarry.

Unquestionably a municipality has authority to pass zoning ordinances which regulate the use of private property and the authority to promulgate ordinances prohibiting the removal or crushing of rock from lands lying in certain areas or under certain conditions. Title 37, § 774, Code, 1940, Recompiled 1958; Marshall v. City of Mobile, 250 Ala. 646, 35 So.2d 553. There is no disagreement with this proposition expressed by appellant. Of course, it goes without saying that the city must act in a reasonable manner in the enforcement of such ordinances and cannot unreasonably deprive a person from the lawful use of his property where it is not shown that some public need requires the action taken. The question in this case, however, is limited to a single one: Do the circumstances existing entitle this appellant to a temporary injunction restraining this city from interfering with the operation of the quarry, or use of the land as proposed, at this stage of the proceedings? This question should be determined after a weighing of the respective consequences to the parties by granting or failing to grant the injunction. Home Specialty Pest Control Co. v. Frew, 272 Ala. 413, 132 So.2d 246. In determining this question the trial court is invested with a wide discretion and may consider and weigh the relative degree of injury or benefit to the respective parties and in the absence of abuse of that discretion this court will not disturb the finding made. Western Grain Co. Cases, 264 Ala. 145, 85 So.2d 395; Madison Limestone Co. v. McDonald, 264 Ala. 295, 87 So.2d 539.

With these principles in mind we have carefully reviewed the record in this case. We find ourselves in sympathy with

the appellant, who we believe to have been promised that the necessary permits would be issued and we think appellant was justified in assuming that no objection to the operation of this quarry would be forthcoming from the city. However, we do not agree with appellant that the circumstances are such that we should reverse the trial court in refusing the temporary injunction. As noted, the granting or refusing of the application for a temporary injunction rests largely in the trial court's discretion, and since it cannot be sought as a matter of right, we do not think the inconvenience and injury suffered by appellant here is of such magnitude that we should find abuse of discretion.

We decide no more than that the trial court did not err to reversal in denying appellant's application for temporary injunction.

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.