210 So.2d 419

SOUTHERN ROCK PRODUCTS COMPANY, Inc.

v.

BOARD OF ZONING ADJUSTMENT OF CITY OF TRUSSVILLE.

6 Div. 374.

Supreme Court of Alabama.

May 2, 1968.

Rehearing Denied May 30, 1968.

Berkowitz, Lefkovits, Vann, Patrick & Smith, Birmingham, for appellant.

Maurice F. Bishop, Bishop & Carlton, Birmingham, for appellee.

SIMPSON, Justice.

This is an appeal by Southern Rock Products Company from a decision of the Circuit Court for the Tenth Judicial Circuit entered August 5, 1966, affirming a decision of the Board of Zoning Adjustment of the City of Trussville upholding the refusal of the Building Inspector of the City of Trussville to grant a building and use permit under the provisions of § 23, Article 2 of the Trussville Ordinance No. 75.

Actually this appeal involves two cases which were consolidated by agreement in the court below—one seeking an injunction filed by appellant and the other an appeal for a trial de novo from the order of the Board of Zoning Adjustment of the City of Trussville, under the provisions of Title 37, § 783, Code.

The ordinance involved is as follows:

"*Uses Permitted*: Any industrial, service or commercial uses, except those which in the opinion of the Building Inspector would cause noise, smoke, gas, vibration, fumes, dust or other objectionable conditions which would affect a considerable portion of the city.

"*Uses Permitted on Appeal*: Any industrial, service or commercial uses, and subject to such conditions and safeguards as the Board of Adjustment may require to preserve and protect any portions of the city which otherwise would be adversely affected; residences and apartments in existing residential areas.

"*Uses Prohibited*: None."

The appellant is an Alabama corporation engaged in the business of producing stone aggregate for use in highway and other construction.

Sometime in the fall of 1964 the appellant initiated steps toward acquiring the right to quarry limestone from property owned by one Appleton. Following the arrangements with Appleton, appellant proceeded to obtain from the City of Trussville oral permission to proceed with the quarry operation. The quarry site is within the police jurisdiction of the City of Trussville.

The facts are not consistent on the question of whether the officials of the City of Trussville orally agreed to issue the permit, but in any event no permit has been issued by the City to date.

Following the failure to obtain a permit, the appellant initiated a series of proceedings in the courts of Jefferson County of which the present cases are a part. Some of these cases have been here before. City of Trussville et al. v. Porter, 279 Ala. 467, 187 So.2d 224; Southern Rock Products Company, Inc. v. Self et al., 279 Ala. 488, 187 So.2d 244. A reference to these cases will eliminate the necessity of reviewing the factual situation again here.

These cases reduced to the essential elements concern only one substantial question: Did the trial court err in failing to require the City of Trussville to issue to appellant a permit to operate a limestone quarry within the police jurisdiction of the City of Trussville under the above ordinance?

The appellant contends that error was committed in that the trial court failed to do this and hence misconstrued the clear language of the ordinance. It is the position of appellant that the ordinance, properly construed, requires the issuance of the permit with "such conditions and safeguards as the Board of Adjustment may require to preserve and protect any portions of the city which otherwise would be

adversely affected" by the operation of the quarry.

The evidence in this case runs to more than 2,000 pages. The trial of these cases consumed some 14 days. The trial court made an inspection of the property. The numerous witnesses offered evidence which is conflicting on the amount of noise, vibration and dust which emanates from the operation of this quarry, which as noted in the prior cases has been going on since 1965. Naturally the witnesses testifying on behalf of appellant offered evidence which would indicate that the noise, vibration and dust is minimal. Contrarily, the witnesses on behalf of appellee testified that it was great, that it was extremely disturbing to the citizens of Trussville, and that various amounts of damage have been done to residences and structures within the city.

It should also be noted that since June, 1965, the company (appellant) has been operating the quarry under an order from the Circuit Court of Jefferson County prescribing the manner in which it was to be conducted. It is the contention of appellee that this order has not been observed, and in fact it is noted that in a contempt proceeding complaining of non-compliance with the order, the order was modified and extended.

With this background we must decide whether error was committed by the trial court in refusing to order the issuance of the permit, or whether the evidence justified the refusal to so order.

■ Appellant contends that the trial court erred in requiring appellant to offer evidence which would in effect require it to prove that it was not operating the quarry in such a manner as to cause "noise, smoke, gas, vibration, fumes, dust or other objectionable conditions which would affect a considerable portion of the city". It is the contention of appellant that this requirement shifted the burden of proof to it to overcome the prior ruling of the Board of Adjustment, while under the

provisions of Title 37, § 783: it was entitled to a trial de novo. We are unimpressed with this contention. It has long been the law that the scope of the inquiry in the Circuit Court is the same as that before the Board of Adjustment and that the authority in the Circuit Court is the same as that conferred on the Board of Adjustment by Title 37, § 781. The appellant brought the appeal. It was its duty to make out a prima facie case.

■ We cannot read this record to indicate that any greater burden was placed upon the appellant in the Circuit Court than was the case in the Board of Adjustment proceedings. Nor do we read the judgment entered to indicate that the relief sought by appellant was not granted because of failure to overcome some "presumption" as contended by appellant. On the contrary, the trial judge was very patient in receiving evidence. As noted, the record runs more than 2,000 pages. It is obvious that it became necessary to reach some conclusion based upon conflicting evidence. The conclusion reached was that the appellant was not entitled to a permit (which had the effect of affirming the decision reached by the Board of Adjustment) and that this was because the trial court found that the operation of the quarry violated § 23, Article 2, Ordinance 75 of the City of Trussville.

It is true as appellant contends that an ordinance which "completely prohibits a business not shown to be a nuisance per se is an arbitrary and unwarranted limitation upon the lawful use and enjoyment of private property in that it prohibits a business entirely rather than regulating the method of operation of such business". Reynolds v. Vulcan Materials Company, 279 Ala. 363, 185 So.2d 386. That defect does not exist in the present ordinance. It is similar to the ordinance considered by this court in Walls v. City of Guntersville, 253 Ala. 480, 45 So.2d 468, which provided:

" 'Any use whatsoever, not in conflict with any other ordinance of the City, is allowed in an Industrial District, pro-

vided that no use shall be permitted which would be offensive because of injurious and obnoxious noise, vibrations, smoke, gas, fumes, odors, dust or other objectionable features, or would be hazardous to the community on account of danger of fire or explosion.' "

There, in passing on the ordinance, we noted:

"The terms 'injurious and obnoxious noise, vibrations, smoke, gas' etc. embodied in the ordinance are not unusual or ambiguous expressions, but are common terms and intended to protect the public welfare and clearly furnish sufficient norms of conduct to guide a conscientious official in the performance of his duties under the ordinance. It is to be presumed that public officials will discharge their duties honestly and in accordance with law and power only is vested by the ordinance to issue and withhold permits in the honest exercise of a reasonable discretion. Should such official act arbitrarily or dishonestly, full protection by appeal to the board of adjustment * * * and then by review in the courts * * * is accorded any aggrieved party * * *."

So here, appellant has been accorded review to the Board of Adjustment and to the Circuit Court and in each instance the permit has been denied because each tribunal found that appellant's rock crushing operation violated the ordinance in question in that it caused "noise * * * vibration * * * dust * * * which * * * affect a considerable portion of the city".

■ Appellant earnestly insists that with appropriate regulation the operation could continue without violating the ordinance. It is its contention that that is the limit of the court's authority—and that of the Board of Adjustment—to permit the operation to continue with appropriate regulation and that the use of the property in this manner cannot be stopped entirely within the meaning of the ordinance since it prescribes that no uses are prohibited. Appellant reads the ordinance without reference to some of its terms. It clearly provides that any industrial use is permitted, except those which would cause noise, smoke, gas, vibration, fumes, dust or other objectionable condition which affect a major portion of the city.

■ There is abundant evidence in this voluminous record to support the conclusion of the trial court that the operation of this quarry is causing noise, dust and vibration. We are aware that all of the evidence is not consistent on this point. However, we have read this entire record and have carefully studied the exhibits. There is overwhelming evidence to support the conclusion reached by the trial court.

■ Without conceding that its operation is presently in violation of the ordinance, the appellant offers to conduct its business under any court order prescribing procedures to further minimize the conditions prohibited by the ordinance. However, appellant overlooks the obvious fact that it has been operating under an order which prescribed the conditions under which the operation could continue, and which was designed to eliminate to the extent possible the offensive features of the operation. Yet in spite of this fact, the trial court found, and the evidence supports its finding, that the appellant was not entitled to the relief sought, concluding of necessity that the operation (even under the court order) caused dust, vibration, and noise in contravention of the ordinance.

■ There is a strong presumption in favor of the correctness of the court's findings on questions of fact, and we are disinclined to draw a different conclusion from the same facts—particularly when before us in a cold record.

■ We are mindful that appellant is entitled if it can, to conduct a lawful business within the police jurisdiction of the City of Trussville, to the extent that it does not unreasonably interfere with the

rights of the citizens of that community. We are equally mindful that the public has a right to be protected from offending noises, vibrations and dust in violation of a valid city ordinance.

The appellant has been operating this quarry since 1965, and implicit in the trial court's finding is the conclusion that it has been in violation of this ordinance since that time. The appellant has failed to demonstrate in that period of time that its quarrying operation can be continued without violating this ordinance. It has initiated numerous legal proceedings to obtain its ends and has consistently been unsuccessful. We are constrained to the conclusion that the decree of the trial court must be and the same is hereby affirmed.

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.