[No. 41508.    En Banc.    September 9, 1971.]

THE STATE OF WASHINGTON, *on the Relation of Catherine Randall et al., Respondents,* v. SNOHOMISH COUNTY *et al., Appellants.*

620

Robert E. Schillberg, Prosecuting Attorney, and Eugene Butler, Deputy, for appellants.

Anderson, Hunter, Carlson & Dewell, James P. Hunter, and Thomas R. Collins, for respondents.

NEILL, J.—Snohomish County appeals from a judgment nullifying its "rural use" zone classification as applied to plaintiff property owners. Plaintiffs commenced two actions, one seeking review by certiorari of the county's denial of their application for rezone, the other seeking a declaratory judgment that the county's "rural use" zoning resolutions are void. The actions were consolidated for trial, but plaintiffs abandoned the certiorari proceedings; so the issues before the trial court and before us relate solely to the declaratory judgment action.

Prior to 1957, plaintiffs acquired about 37 acres in what later became the "Marysville Planning Area" of Snohomish County. Although it is asserted that the land was intended for commercial usage, the property has not been used for any business purpose. Since 1957, the property has been zoned "rural use," a broad classification which originally allowed commercial usages and which is considered an intermediate or "holding" zone. In 1962, Snohomish County elected to proceed with future zoning under the terms of RCW 36.70. In 1964, the Marysville Comprehensive Plan

(one of nine in the county) was adopted and promulgated. Meanwhile, the property in question remained under the "rural use" classification. In 1966, the "rural use" zoning resolution was changed to substantially reduce the number and kinds of uses permitted within that classification. The resolution was again amended in 1967, after planning commission hearings, to remove all business and commercial uses from the list of those permitted in "rural use" zones.

In April, 1967, following the latter amendment, other property owners in the immediate vicinity of plaintiffs' land applied for and obtained a rezone of their property from "rural use" to "general commercial." Although plaintiffs had an opportunity to join in this application, they did not participate in or question the proceedings.

In October, 1968, plaintiffs applied for a rezone of their property from "rural use" to a "community business" classification. This application was denied, principally on the grounds that the area was already "overzoned" for business uses. This action followed.

■ A threshold issue is created by the county's assertion that plaintiffs are precluded by the doctrine of laches from asserting that the 1966 and 1967 amendatory resolutions are nullities. We disagree. Laches is an equitable defense based on estoppel, designed to prevent injury to the party asserting it, if such injury is caused by his opponent's delay. *Thorsteinson v. Waters*, 65 Wn.2d 739, 399 P.2d 510 (1965). There is no showing, or even an assertion, that the county suffered any injury or loss by plaintiffs' delay. We find no merit in this contention of defendants.

Plaintiffs contend that the action of the county in creating this rural use zone is to be treated as attempted interim zoning under RCW 36.70.790 rather than "classifying unmapped areas" ("holding zone") under RCW 36.70.780. However, the trial court found that RCW 36.70.780 was the applicable authority and plaintiffs have not cross-appealed from that determination.

The trial court concluded that the amendments to the "rural use" zone uses were made pursuant to RCW

36.70.780,[1] but that these amendments constituted a blanket rezone rather than a mere change in use restriction applicable to the existing zone; that, as the county had failed to comply with statutory and zoning code procedures for rezoning, the amendments were void; that RCW 36.70.780 permits a temporary "holding" zone, but that 5 years from adoption of a comprehensive plan (1964-1969) was an unreasonable period for such purposes.

In this framework, there are two pivotal matters for review: the scope of the county's authority to amend use controls under RCW 36.70.780, and the matter of set time limits on the efficacy of such controls.

■ We conclude that the change in controls applicable to all rural use zones is permissible under RCW 36.70 and that such change does not constitute "rezoning" of the affected areas. We further conclude that the maintenance of a "holding" zone under RCW 36.70.780 for 5 years is not, ipso facto, unreasonable.

The issue as to the county's power to impress these "broad protective controls" on property within an "unmapped" area was resolved against the county by the trial court on the ground that, since seven-eighths of the land area of Snohomish County is zoned rural use, the removal of business and commercial usages from such a large area is beyond the purview of the statute. We disagree.

There is nothing in RCW 36.70.780 which limits the breadth of impact of permissible controls thereunder. The statute is a broad grant of power to the zoning authorities to enact "such broad protective controls as may be deemed

---

[1]RCW 36.70.780: "After the adoption of the first map provided for in RCW 36.70.740, and pending the time that all property within a county can be precisely zoned through the medium of a zoning map, all properties not so precisely zoned by map shall be given a classification affording said properties such broad protective controls as may be deemed appropriate and necessary to serve public and private interests. Such controls shall be clearly set forth in the zoning ordinance in the form of a zone classification, and such classification shall apply to such areas until they shall have been included in the detailed zoning map in the manner provided for the adoption of a zoning map."

appropriate and necessary" by those authorities. The facts that a large area is involved and that a broad use category is excluded from those automatically allowed are not sufficient, in our view, to remove an otherwise valid protective control from the authority granted by this statute.

The major contention before us is not that any amendment as to permissible uses was beyond the procedural limits of RCW 36.70.780, but that the entire "rural use" classification—including the amendments—is arbitrary and capricious in the circumstances.

The trial court found that the "rural use" resolutions and amendments bore no substantial relationship to public health, safety, morals and general welfare. The record shows that this finding was premised on the court's determination that the amendments which restricted uses in a rural use zone were beyond the scope of the enabling statute; and that a 5-year period (after the date that a comprehensive plan was adopted) is, per se, beyond a permissible period for application of "holding zone" classifications.

As previously observed, the first premise is incorrect. We must also disagree with the trial court's second determination. There is no basis in statute, ordinance or precedent— and we perceive none in reason—for imposing a fixed time limit on the efficacy of "unmapped area" controls ("holding zones"). This is not to say that such controls may be employed for an unreasonable length of time, but rather that a lack of reasonableness is not automatically established by the fact that an "unmapped area" designation has been retained for 5 years following adoption of a comprehensive plan.

Plaintiffs' land has never been put to a business or commercial use, nor has any such building or use permit been issued covering such property. Unless the controls would deprive plaintiffs of a previously existing usage right, the burden is on plaintiffs to establish the unreasonableness of an otherwise permissible legislative zoning enactment. *E.g., Petstel, Inc. v. King County,* 77 Wn.2d 144, 459 P.2d 937 (1969); *State v. Laitinen,* 77 Wn.2d 130, 459

P.2d 789 (1969); cf., *State ex rel. Warner v. Hayes Inv. Corp.,* 13 Wn.2d 306, 125 P.2d 262 (1942). The principle is well expressed in *State v. Laitinen, supra,* at 132:

> In prescribing the police power, all that is constitutionally required of the legislature is that a state of facts can reasonably be conceived to exist which would justify the legislation. If the courts can reasonably conceive of such a state of facts, they must presume that such facts actually did exist and that the statute being tested was passed with reference to them. . . .
>
> Accordingly, if a state of facts can reasonably be conceived that will sustain a classification under the police power, there is a presumption that such facts exist.

(Citations omitted.) Under this rule, courts are impressed with a duty to ascertain whether reasonably conceivable facts would justify the enactment. Absent a contrary showing, plaintiff has failed to sustain his burden of proof on the issue.

In our view, there are conceivable circumstances justifying the continuation of this "holding zone" and the exclusion of business and commercial uses from those automatically permitted in "rural use" areas. Such a limitation may well be necessary to prevent haphazard commercial developments which, by creating preexisting uses, would obstruct the orderly planning envisioned by RCW 36.70 and validly contemplated by the comprehensive plan. In those circumstances, which were found by the zoning authorities to exist in this case, the regulations would be in a field of legislation reasonably necessary for the public health, safety, morals or general welfare, and would be justified in light of the particular facts. They would be reasonably related to the legitimate object of the "rural use" legislation, *i.e.,* to provide minimum controls without detriment to public health, safety and general welfare and without adverse effect on the general objectives of the comprehensive plan (Snohomish County Code 818.64.010). They would not be unnecessarily prohibitory or confiscatory as a limitation on potential, as distinct from existing, uses. Thus, there are readily conceivable circumstances under which the "rural

use" classification as amended satisfies "the judicial test of reasonableness" itemized in *Petstel, Inc. v. King County, supra.*

The evil inferred by plaintiffs is the abuse of "holding zone" techniques to effect a chronic and unreckonable grip upon each citizen's future use of his property. Courts are and should be well cognizant of that potential species of arbitrary and capricious action. But the record before us does not demonstrate such unreasonableness. In this case, there is a fatal hiatus of proof between the inference and plaintiffs' desired conclusion.

■ This court has noticed an increasing volume of litigation pertaining to zoning legislation and administration. It therefore seems appropriate to emphasize that the role of the judiciary in reviewing such enactments and decisions is limited to the determination of whether they satisfy constitutional requirements and to the determination of whether administrative decisions are arbitrary and capricious or ultra vires. Beyond those limits there are serious questions of wisdom and practicality. But, by long tradition, built upon the principle of separation of powers, such latter matters are beyond the purview of the courts. Such questions are to be resolved by the political, not the judicial, process.

Other questions raised by plaintiffs are either presented for the first time on appeal and thus not properly before us, or need not be reached in view of the preceding discussion.

Reversed and remanded for judgment in accordance herewith.

HAMILTON, C.J., FINLEY, HUNTER, HALE, STAFFORD, and WRIGHT, JJ., concur.

ROSELLINI, J., concurs in the result.