[No. 45327–7002–1.   Division One.   October 8, 1979.]

EDWIN J. PHILLIPS, *Appellant,* v. THE CITY OF BRIER, *Respondent.*

*William L. Williams,* for appellant.

*Ogden, Ogden & Murphy, John D. Wallace,* and *Wayne Tanaka,* for respondent.

ANDERSEN, J.—

## FACTS OF CASE

At issue in this case is the refusal of the City of Brier to issue a conditional use permit to the petitioner, Edwin J. Phillips, which would enable him to dispense beer for consumption on the premises of his cafe located in that city.

The petitioner sought review by certiorari of the Brier City Council's denial of the permit.

Following a review of the entire record certified to it in response to the writ of certiorari, the Superior Court dismissed the petition on two separate and independent grounds. First, the Superior Court ruled that the petition had not been timely filed. Second, on the merits of the petition, the court ruled that the petitioner was not entitled to the relief requested because the denial of his conditional use permit was not arbitrary and capricious except insofar as the City Council of Brier failed to specify conditions to be attached to a conditional use permit with which the petitioner could attempt to comply. As to the latter, the trial court held that "[s]hould the [Superior] Court be reversed on appeal, the matter should be remanded to the Brier City Council for imposition of conditions reasonably necessary to prevent the Conditional Use from being injurious to neighborhood properties." Conclusion of law No. 11.

The petitioner appeals from the Superior Court's order denying him a conditional use permit, and the respondent city cross–appeals from the requirement that the city establish conditions for a conditional use permit in the event of reversal.

The details of the controversy and the resolution of it by the Superior Court are explained by the findings of fact and conclusions of law.

FINDINGS OF FACT

1.

The City of Brier, Washington, is a third class city existing under laws of the State of Washington.

2.

The City of Brier is almost entirely a residential area and has a small neighborhood business zone with limited commercial uses. Most commercial uses and industrial uses are permitted in the surrounding communities.

3.

Edwin Phillips is the lessee of certain real property consisting of 2 lots, located in the City of Brier. The building on the property contains a cafe which seats 26 persons, a game room, and a large area for conducting auctions. There are common doors which allow free passage among the cafe, auction area and game room. The building, together with the adjacent parking lot, is 178 feet by 260 feet.

4.

Adjoining the Phillips' property is a tract of land which consists of a grocery store which is licensed to sell bottle beer and wine to be consumed off the premises.

5.

The City of Brier had adopted Ordinance No. 20 establishing a comprehensive zoning ordinance. This zoning ordinance has established neighborhood business, "BN," zoning on the Phillips' property and the adjoining grocery store. Other than these three lots, no other property in the city is zoned BN.

6.

Section 7.5.2 of Ordinance No. 20 provides that in a "BN" zone the following uses are permitted:

(2) Delicatessens and cafes which provide beer by the bottle or glass under a Washington State Class A Liquor License, subject to the grant of a Conditional Use Permit.

. . .

(6) Neighborhood groceries.

7.

Section 10.5.4 of Ordinance No. 20 provides as follows: "Before any Conditional Use Permits may be granted, it shall be shown:

1. That the proposed use, because of characteristics peculiar to it, or because of size, exact location with reference to surroundings, street and existing improvements, or demands upon public facilities, will be made and maintained to be compatible with other existing or permissible uses in the same zone; and

2. That the granting of such Conditional Use Permit will not be materially detrimental to the public welfare or injurious to property in the vicinity of the particular lot; and

3. That the granting of such Conditional Use Permit will not adversely affect the comprehensive plan."

8.

On April 22, 1977, petitioner Edwin Phillips applied for a Conditional Use Permit for a cafe which provides beer by the bottle or glass under a Washington State Class A Liquor License.

9.

On May 9, 1977, pursuant to Ordinance No. 20, the Brier Planning Commission considered Phillips' request for a Conditional Use Permit. After the hearing the Planning Commission voted to grant the Conditional Use subject to certain conditions. Pursuant to Brier Ordinance No. 20, the Planning Commission's decision is advisory only.

10.

On May 24, 1977, the Brier City Council, pursuant to Ordinance No. 20, held a public hearing on Phillips' request for a Conditional Use Permit.

11.

At the hearing the petitioner and his attorney were present and allowed to make their presentations. All members of the public who wished to be heard were allowed to speak.

12.

Some members of the public raised objections to the granting of the Conditional Use Permit because of problems relating to increased patrons, parking congestion, traffic flow, noise and potential hazards and annoyance from inebriated patrons.

13.

The Council members discussed the feasibility of laying down conditions to be incorporated in a Conditional Use Permit which would regulate use of the parking area and which would require fencing, all to the end of alleviating some of the potential problems which now exist at the property and which were foreseen by the Council to be aggravated by the granting of the permit.

14.

The Council found that there were no conditions that it could impose which would be successful in controlling the increased traffic and increased noise which would be generated by the Conditional Use.

The Council's action in denying the application was based on its concern for the effects of issuing the Permit on the immediately adjoining properties.

The Council found that it could not impose any conditions so that the use would not be materially detrimental to the public welfare or injurious to the property in the vicinity.

15.

After Council discussion, a motion was made and seconded to deny the application. The motion carried by a vote of 4 to 3.

16.

On June 22, 1977, the petitioner commenced this action in the above entitled court. This was more than 20 days after the Council action of denying the application for a Conditional Use Permit.

17.

Ordinance No 20 does not provide a time period from which appeals may be taken from Council action denying a Conditional Use Permit.

18.

The plaintiff has offered no reason or explanation for not filing this lawsuit within 20 days of the date of the Council's action.

19.

On November 22, 1977, the City Council of the City of Brier passed Ordinance No. 20.G which amended the zoning ordinance No. 20 to remove cafes selling beer for consumption on premises as a permitted use in the BN zone.

From the foregoing Findings of Fact the Court now makes the following Conclusions of Law:

1.

The Court has jurisdiction over the parties and subject matter of this lawsuit.

2.

The City has duly enacted Ordinance No. 20 in the proper exercise of the police powers as granted by the Constitution and statutes of the State of Washington.

3.

The petitioner's sole remedy from the Council's denial of his Conditional Use Permit was by Writ of Certiorari to this court.

4.

The petitioner had 20 days to perfect his appeal from the Council's action of May 24, 1977.

5.

There are no extenuating circumstances in this case to justify the exercise of the Court's discretion to extend the time for perfecting review.

6.

The petitioner's suit should be dismissed, with prejudice, for failure to perfect appeal within 20 days from the date of the Council's action. The City should recover its costs to be taxed.

SOLELY IN THE INTEREST OF JUDICIAL ECONOMY THE COURT MAKES THE CONCLUSIONS OF LAW SET FORTH HEREIN-AFTER IN THE EVENT THE COURT IS REVERSED ON APPEAL FROM THE DISMISSAL ON THE GROUNDS ABOVE STATED.

7.

The City Council based its denial of the Conditional Use Permit on the criteria as set forth in Section 10.5.4 of Ordinance No. 20, and was not arbitrary and capricious except insofar as it failed to lay down conditions to be attached to a Conditional Use Permit with which plaintiff could attempt to comply.

9.

Because of Brier's unique factual situation of being almost entirely residential and because the City Council has not discriminated against the sale of liquor for consumption on the premises, the passage of Ordinance No. 20.G was a valid exercise of Brier's police powers.

10.

The Council's failure to prescribe conditions on Mr. Phillips' Conditional Use request on May 24, 1977, in effect amended the zoning ordinance to prohibit all sale of beer for on premises consumption in the City of Brier.

11.

Should the Court be reversed on appeal, the matter should be remanded to the Brier City Council for imposition of conditions reasonably necessary to prevent the Conditional Use from being injurious to neighborhood properties.

Two ultimate issues are presented by this appeal.

## ISSUES

ISSUE ONE. Did the Superior Court err in failing to order the City of Brier to issue a conditional use permit as requested by the petitioner?

ISSUE TWO. Did the Superior Court err in concluding that the city be required to establish conditions for a conditional use permit in the event of a reversal on appeal?

## DECISION

ISSUE ONE.

CONCLUSION. Dismissal of the writ of certiorari was not error.

■ While courts may disagree with the decision of municipal bodies in granting or not granting conditional use permits, such a disagreement standing alone does not provide the basis for judicial interference in such municipal decisions. Those decisions, as here, rest with the political body of the municipality which is answerable to the voters. The role of the judiciary in reviewing the denial of the conditional use permit in this case is thus limited to whether or not the decision of the Brier City Council satisfied constitutional requirements and was not arbitrary, capricious or ultra vires. *State ex rel. Randall v. Snohomish County,* 79 Wn.2d 619, 625, 488 P.2d 511 (1971); *Washington Ass'n for Retarded Citizens v. Spokane,* 16 Wn. App. 103, 111, 553 P.2d 450 (1976).

In the City of Brier, the city council is charged with the ultimate responsibility of deciding whether or not a conditional use permit should be issued. Following a public hearing, the city council denied the conditional use permit sought by the petitioner. Finding of fact No. 15. In so doing, the council properly followed and applied the criteria established in its comprehensive zoning ordinance as required. *State ex rel. Standard Mining & Dev. Corp. v. Auburn,* 82 Wn.2d 321, 327, 510 P.2d 647 (1973). Findings of fact Nos. 7 and 14. Nothing in the record established any unconstitutional or ultra vires ordinance or action and none is argued in brief of appellant. We have independently reviewed the record and conclude therefrom that the city council did not act arbitrarily or capriciously. *Daily Herald Co. v. Department of Employment Security,* 17 Wn. App. 865, 868, 566 P.2d 929 (1977), *rev'd on other grounds,* 91 Wn.2d 559, 588 P.2d 1157 (1979). *See also* conclusion of law No. 7.

The petitioner's appeal thus fails on the merits. Having so decided, it is unnecessary to address the alternative procedural basis of the Superior Court's decision that the petition for certiorari was not timely filed.

ISSUE Two.

CONCLUSION. Since the Brier City Council properly denied the conditional use permit, the council cannot now be required to establish conditions for such a permit.

The Superior Court appears to have held that insofar as the city council failed to lay down conditions to be attached to a conditional use permit for the petitioner, it acted arbitrarily and capriciously. Conclusion of law No. 7 (part). It is not entirely clear from conclusion of law No. 11 whether or not the Superior Court has mandated a remand to the city council if we affirm the Superior Court's order dismissing the petition for certiorari on any ground. In any event, since we have not reversed the Superior Court, no such remand will be required.

■ On the other hand, the Superior Court erred if it intended, as portions of the record seem to suggest, a

remand to the city council in the event that this court did not affirm the Superior Court on the alternative basis that the filing of the petition for a writ of certiorari was untimely. The fact that the city council has the power to specify conditions for conditional use permits, *State ex rel. Standard Mining & Dev. Corp. v. Auburn, supra* at 330–31, does not require it to do so. *Shulman v. Zoning Bd. of Appeals,* 154 Conn. 426, 226 A.2d 380 (1967); *Southern Rock Prods. Co. v. Board of Zoning Adjustment,* 282 Ala. 186, 210 So. 2d 419 (1968). Such a judicially imposed requirement would transcend the limits of judicial review in a case where, as here, it is unquestioned that the city council found that there were no conditions it could impose which would be successful in controlling the increased traffic and the increased noise which would be generated by the requested conditional use—and that it could not impose any conditions so that the use would not be materially detrimental to the public welfare or injurious to property in the vicinity. Finding of fact No. 14. *See State ex rel. Randall v. Snohomish County, supra; Washington Ass'n for Retarded Citizens v. Spokane, supra.*

Therefore, on the cross appeal, we hold that to the extent the Superior Court held this matter should be remanded to the Brier City Council, it erred.

The Superior Court's judgment dismissing the petition for writ of certiorari is affirmed.

WILLIAMS and RINGOLD, JJ., concur.