154 So. 91

**STATE et al. v. MOBILE & O. R. CO. et al.**
**3 Div. 94.**

Supreme Court of Alabama.
March 15, 1934.

Rehearing Denied April 26, 1934.

Thos. E. Knight, Jr., Atty. Gen., and Frontis H. Moore, Asst. Atty. Gen., for appellants.

534

Rufus Creekmore, of St. Louis, Mo., and Steiner, Crum & Weil, of Montgomery, for appellees.

FOSTER, Justice.

The Mobile & Ohio Railroad Company, by its receivers, appointed by the United States District Court, whose jurisdiction is not questioned, undertook, by this proceeding, to have the benefit of section 73 of the Revenue Act of 1927 (Gen. Acts 1927, p. 185), in which it is provided that the owner of any property which is by law required to be assessed by the state tax commission, may appeal from said final assessment made by the said tax commission to the circuit court of Montgomery county, sitting in equity. The method of so doing is there provided and that method was pursued on this appeal.

■ Without here reciting the further progress of that appeal, as being now unnecessary, we merely observe that the state seriously questions such right under that statute on the contention that provision is made by sections 164 and 189, Gen. Acts 1919, pp. 329, 340, for public utilities to review assessments of their property made by the state tax commission. The contention is that the act of 1919 is applicable, and not that of 1927. The former provides for an appeal to arbitration of such controversies, and in the latter an appeal to the court is provided. But it is contended that the right of appeal is so set up as to apply only to the purposes of that act, and not to the ad valorem assessments of public utility property, where the only right of review is provided for in the act of 1919. The applicable sections of the two acts are: Gen. Acts 1919, section 164, p. 329, and section 189, p. 340; Gen. Acts 1927, section 73, p. 185. The purpose of the latter act is for the most part to provide for the levy and collection of licenses, franchises, and excise taxes. But it is not confined to that class of taxation. Section 25, p. 166, provides for the assessment for ad valorem taxation by the state tax commission of the shares of certain domestic corporations.

In respect to the act of 1919, in this connection, we note that it is a general revenue act, and is comprehensive in providing for the subjects of ad valorem taxes and exemptions and their assessment, and creates a state tax commission, and provides for assessments to be made by it of the tangible property of public utilities, beginning with section 157, p. 327, and the method of doing so, including the returns to be made to the

commission. It also provides by section 164 (page 329), that the owner of property so assessed may demand an arbitration; whereupon an arbitration shall be held as provided. The act continues with provisions for the assessment by the state tax commission of the intangible property and franchises, including details of the requirements, and provisions for a hearing of all complaints.

And in section 189, p. 340, it is provided that if the owner of the property so assessed is dissatisfied, he may have an arbitration on demand (referring to intangible property).

There is no provision in the act of 1919 for an appeal to a court from any ad valorem assessments upon the property of public utilities, but provision is made in the act for such appeals to the circuit court from certain judgments of county commissioners or boards of revenue in respect to other property owners, not here applicable (section 104 et seq., pp. 316, 317). The right of appeal is also provided to be taken from an assessment of franchise taxes made by the state tax commission. That appeal is to the circuit court of Montgomery county, in equity. Section 22, p. 294, Gen. Acts 1919.

The provisions of section 73, p. 185, Gen. Acts 1927, for appeal to the circuit court, in equity, extend to "the owner of any property which is by law required to be assessed by the State Tax Commission." It is not limited to the assessments made in virtue of that act, though such were the characteristics of the act of 1919, declaring the right to appeal to arbitration.

We cannot overlook the fact that it extends to all property assessments required by law to be made by the state tax commission. It is not limited to that act either in terms or setting.

There is no inherent feature of section 73 which would fix a limitation on its effect. But all its terms are general and broad so as to include just what it starts out to enact, and to be applicable to all property taxes of persons or corporations, public utility or private enterprise, whose property tax is fixed by the commission.

There is no conflict between section 73 of the act 1927, and sections 164 and 189 of the act 1919. They each extend a right, and both rights continue to exist. The right to appeal to a court is not in conflict with a continued right to appeal to arbitration. There is an elective right in the taxpayer under the circumstances set forth in the 1919 act.

■ Since the circuit court, in equity, has had jurisdiction thereby conferred, it exercises that jurisdiction upon principles which apply in equity in the absence of statutes which confine the jurisdiction or procedure in that court to some certain course. Jones v. Boston Mills Corp., 4 Pick. (Mass.) 507, 16 Am. Dec. 358; Roy v. Roy, 159 Ala. 555, 48 So. 793; Anderson v. Steiner, 217 Ala. 85, 115 So. 4.

■ We think it should clearly appear from the statute that the chancery court was not intended to have the right to exercise its common law (so to speak) principles in conducting any power conferred upon it. It is significant that the appeal is to the equity side of the court. When so, that court, in the absence of restraint, exercises its own peculiar equity powers and remedies. If an injunction is appropriate, as a court of equity, it may issue an injunction. When a cause is thus removed to the equity court, the one doing so is the movant, and occupies the position of a complainant, and should file a complaint in that court in the nature of a bill in equity, setting out in detail the specific nature of the claim made by the complainant in respect to the tax and pray for appropriate relief, and may invoke any of the ordinary equity powers of that court. An issue should thus be made as in other equity cases. Cornelius v. Moore, 208 Ala. 237, 94 So. 57; Burns v. Lenoir, 220 Ala. 422, 125 So. 661. Appellee did file such a complaint in this suit.

We shall not discuss the general right to an injunction specially applicable to tax matters in connection with the claim of the insufficiency of the remedy to recover them when paid, by reason of insolvency of the counties and cities, absence of provision for interest, multiplicity of suits, or any other consideration which may be contended for by a taxpayer not in receivership, to justify an injunction.

■ This taxpayer is in receivership under appointment by a federal court, and was in that status at the time of the assessment here made from which the appeal was taken.

By such appeal the property of the taxpayer was not brought within the jurisdiction of the state court for it was then under the dominion and power of the federal court, and the state court could exercise no power over it.

The United States Supreme Court in Marshall v. New York, 254 U. S. 380, 41 S. Ct. 143, 65 L. Ed. 315, was dealing with this

536.

question. There was a receiver appointed by a United States District Court. The state of New York had a lien on the property of the corporation for a franchise tax. No lien was created by law, but it was held that the right to priority of payment possessed by the sovereignty of New York had the qualities of a lien, as though expressly provided by law. The court held that the property in receivership was subject to all liens, priorities, or privileges existing or accruing under the laws of the state, but that an application to the court for payment of the debt was the appropriate remedy; and that the property was not subject to seizure by state officers because of the appointment of the receiver by the federal court. It cited the case of Ex parte Tyler, 149 U. S. 164, 13 S. Ct. 785, 37 L. Ed. 689.

Referring to that case, we find the holding that because a receivership is the sequestration of all the property of the party owning it, and the receiver is but an agent of the court, subject to its orders, and though the property is not thereby rendered exempt from state taxes, and though a tax lien is superior to all other liens, a state court or officer has no power to invade such rightful custody. The lien must be recognized and enforced by and under the sanction of the federal court having custody of the property. That court has the duty to see to it that the lien is enforced. It was also held that though the state had made adequate provision for the recovery of illegal taxes, and prohibited the issuance of an injunction against their collection, such legislation did not affect the jurisdiction and power of the federal court in that respect. See, also, Northern Finance Corp. v. Byrnes (C. C. A.) 5 F.(2d) 11.

The principle of those cases is clear that the state, county, and city officers charged with the duty of collecting taxes have no legal right or authority to seize property in the custody of a receiver appointed by a federal court. Their only appropriate remedy is to invoke the jurisdiction of that court to that end.

The petition for injunction alleges that the state tax commission will certify to the tax assessor an illegal, excessive, and fraudulent assessment as made by the commission, and that on that basis the tax collectors will proceed to collect the taxes by summary process.

The contention is, that assessments of property generally in Alabama by the state tax commission, and county assessors, with the knowledge and approval of the commission, have been for several years systematically and intentionally made on a basis of less than 50 per cent. of their market value, though the assessment against this railroad was made at 60 per cent. of a value which was also in excess of its market value. That is an issue to be tried on the appeal in the Montgomery circuit court.

When an appeal is taken under section 73 of the act 1927, an assessment is due to be certified on the basis of the valuation of the preceding year, and not on the basis of the assessment from which the appeal was taken.

But an appeal seems to be pending from that assessment also. Presumably during a hearing of that appeal taxes were assessed and paid tentatively on the valuation of the year preceding that. So that pending the present appeal it is suggested that the proper course, in order to pursue the literal requirements of section 73 of the act 1927, would probably be to assess and pay on the same valuation as was applicable pending appeal from the former assessment. The petition for injunction is probably inaccurate in its averment that pending the present appeal, it is the purpose of the state tax commission to certify the valuation as made in the order from which this appeal was taken. That is our interpretation of its averments.

The status of affairs, however, at the time of the application for a temporary injunction was that the officers charged with the duty to collect the allegedly excessive amount of taxes intend to proceed by summary process against the property of the railroad in receivership, but have no legal right to do so, and would be in contempt of the federal court if they seized any of its property. Such taxes could not be collected except upon an order of the federal court. That court could pursue a course in that respect which would be according to its judgment and needs no assistance from the state court to that end. So that the allegation that the officers will proceed to collect the tax charges them with the intent to do what they have no right to do. The right to a temporary injunction is often said to be measured by the existence of irreparable damage to petitioners, resulting from the proposed illegal and wrongful conduct of respondents. 32 C. J. 51, § 30; Tidwell v. H. H. Hitt Lumber Co., 198 Ala. 236, 73 So. 486, L. R. A. 1917C, 232; Cullman Property Co. v. H. H. Hitt Lumber Co., 201 Ala. 150, 77 So. 574.

When a hearing is had on motion for a temporary injunction, as authorized by sec-

tion 8304, Code, the situation resembles in many respects a hearing on a motion to dissolve an injunction which was granted without a hearing. Under such circumstances the court will weigh the respective consequences to the parties, and exercise a power which is largely discretionary, when the bill shows a right to relief. Cruce v. McCombs, 221 Ala. 507, 129 So. 279; Profile Cotton Mills v. Calhoun Water Co., 189 Ala. 181, 66 So. 50.

We have a situation where the pursuit of the conduct alleged to be proposed by the state tax commission and county collectors would not result in any profit to the revenues of the public authorities. They could not pursue that course effectively within the law, and therefore a continuance of the temporary injunction could not injuriously affect the rights they officially represent. But it would unnecessarily and improperly cause expense and trouble to the taxpayer to leave open to the collectors the opportunity to harass it by their allegedly illegal conduct.

The theory of present day appellate review is not to reverse a judgment, decree, or ruling which is not prejudicial to appellant, even though it may not be strictly pursuant to law. Supreme Court Rule 45. We see no advantage to be gained by appellant from a reversal of the decree granting a temporary injunction, though it may have been unnecessary.

We pretermit a consideration of other questions, which have not been argued on this submission.

The decree overruling demurrer to the bill and granting a temporary injunction is therefore without reversible error in respect to the matters we have discussed, and it is accordingly affirmed.

Affirmed.

All the Justices concur.