237 So.2d 470

**VALLEY HEATING, COOLING & ELECTRIC CO., Inc., et al.**

v.

**ALABAMA GAS CORPORATION, a Corporation.**

**6 Div. 754.**

Supreme Court of Alabama.

June 18, 1970.

Rehearing Denied July 30, 1970.

John W. Cooper, Birmingham, for appellants.

Douglas Arant, Thad G. Long, James P. Alexander, Birmingham, for appellee.

MERRILL, Justice.

This is an appeal from an interlocutory decree denying appellants' "application for temporary injunction, or injunction pendente lite," by the circuit court.

Appellants are five dealers who sell and install electric and gas air conditioners, furnaces and other appliances. Their suit was filed under two of our anti-monopoly statutes. Tit. 7, § 124, provides:

"Any person, firm, or corporation injured or damaged by an unlawful trust, combine, or monopoly, or its effect, direct or indirect, may, in each instance of such injury or damage, recover the sum of five hundred dollars and all actual damages from any person, firm, or corporation creating, operating, aiding, or abetting such trust, combine, or monopoly; and may maintain the action there-

for against any one or more of the parties to the trust, combine, or monopoly, or their attorneys, officers, or agents, who aid or abet such trust, combine, or monopoly. And all such actions may be prosecuted to final judgment or decree against any one or more of the defendants thereto, notwithstanding there may be a dismissal, acquittal, verdict, judgment, or decree in favor of one or more of the defendants."

Title 57, § 108, provides:

"Any person or corporation, domestic or foreign, which shall restrain or attempt to restrain the freedom of trade or production, or which shall monopolize or attempt to monopolize the production, control, or sale of any commodity, or the prosecution, management, or control of any kind, class, or description of business; or which shall destroy or attempt to destroy, competition in the manufacture or sale of a commodity, shall be guilty of a misdemeanor, and, upon conviction, shall be fined not less than five hundred nor more than two thousand dollars for each offense."

The bill of complaint requested that appellee be enjoined:

"(a) from paying cash to builders in order to secure the sale and installation of gas equipment and appliances,

"(b) from selling gas equipment and appliances to builders at less than respondent's cost plus a fair margin profit,

"(c) from furnishing gas equipment and appliances at less than cost to the respondent plus a fair margin of profit,

"(d) from subsidizing or affording financial assistance to any person, firm or entity in direct competition to your complainants,

"(e) from performing services on gas equipment and appliances at less than the actual cost of the part, labor and a fair margin of profit,

"(f) from giving free vacations and advertising to any person, firm or entity in competition with your complainants."

A hearing was had on September 9, 1969, at which arguments were heard and the cause was submitted by complainants on the verified bill and affidavits and by respondent on demurrer, verified answer, amendment to demurrer and affidavits. The decree denying the temporary injunction was entered September 18, 1969.

Appellants' first assignment of error is that the decree "is contrary to the law in the case," and assignment of error three is that the decree "is contrary to the law and the facts in the case." Assignment 2 charges that the "order of the court * * * is contrary to the admitted facts in the case."

These assignments of error are the same as assignments 1, 2 and 3 in Smith v. McCain Boiler and Engineering Co., Inc., 284 Ala. 618, 227 So.2d 131, except that assignment 2 there used the term "contrary to the evidence in the case" and here it was "contrary to the admitted facts in the case." There is no material difference in the two expressions when applied to assignments of error because both generally describe the evidence in the case. In the Smith case, supra, also in equity, we held that assignments of error of this type are "without merit and present(s) nothing for review." Other equity cases so holding are Vickers v. Vickers, 273 Ala. 645, 144 So.2d 8, and Thompson v. State, 267 Ala. 22, 99 So.2d 198; Taggart v. Weinacker's, Inc., 283 Ala. 171, 214 So.2d 913.

Assignment of error 4 is not argued in brief and is thereby waived. Supreme Court Rule 9; Russell v. Crenshaw, 283 Ala. 59, 214 So.2d 333.

Assignment 5 charges that the court erred in denying the application for temporary injunction. We have approved a like assignment of error. Taggart v. Weinacker's, Inc., 283 Ala. 171, 214 So.2d 913.

The following principles are applicable when we review a trial court's decree denying a temporary injunction:

1. Each case for injunctive relief must be considered in the light of the rule that an injunction, whether permanent or temporary, cannot, as a general rule, be sought as a matter of right, but the power to grant or refuse it rests in the sound discretion of the trial court, under the facts and circumstances of the particular case. Corte v. State, 259 Ala. 536, 67 So.2d 782.

2. An abuse of this discretion has been defined, in a legal sense, as exceeding the bounds of reason, all the circumstances before the lower court being considered. Clayton v. State, 31 Ala.App. 106, 13 So.2d 411.

3. To establish abuse of discretion, it is essential to show that the trial court committed a clear or palpable error, without the correction of which manifest injustice will be done. Ex parte Jones, 246 Ala. 433, 20 So.2d 859.

4. In order to justify the issuance of a temporary injunction, the applicant must show that, in the absence of an injunction, he will suffer irreparable damage resulting from the proposed illegal and wrongful conduct of respondents. State v. Mobile & O. R. Co., 228 Ala. 533, 154 So. 91.

5. In the exercise of its discretion when a temporary injunction is requested, the court may consider and weigh the relative degree of injury or benefit to the respective parties, and in the absence of abuse of that discretion, this court will not disturb the finding made. Southern Rock Products Co., Inc. v. Self, 279 Ala. 488, 187 So.2d 244.

6. Where there is grave doubt as to complainant's right, preliminary relief will generally be denied. Williams v. Prather, 239 Ala. 524, 196 So. 118.

7. When a temporary injunction is requested, "the right of complainant must be clear and unmistakable on the law and the facts; and there must exist an urgent and paramount necessity for the issuing of the writ in order to prevent extreme or other serious damage which would ensue from withholding it." City of Decatur v. Meadors, 235 Ala. 544, 180 So. 550.

Since this case may continue to be litigated, and our concern is only with the temporary injunction, and since we do not want to influence the trial court as to its ultimate decision in the event there should be a final hearing in this matter, we do not list a full statement of the facts but only those sufficient to show that we think the trial court correctly denied the application for a temporary injunction.

The practices of appellee sought to be enjoined are not new, but have existed for a good many years. Some of them are not used by appellee alone, but are also employed by larger and stronger competitors of appellee. All the complainants except Valley Heating, Cooling and Electric Co., Inc. state that they "are unable to pinpoint any specific job that we have lost and has specifically caused the individual Complainant a specific loss." Valley said it was unable to specify but one job lost due to appellee's promotional activities and that was in the Parade of Homes "year before last." The affidavit concluded with this statement:

"Since we cannot prove any damages against the Alabama Gas Company, we urgently need that these promotional practices be stopped so that we can compete fairly on the open market."

Appellee's evidence showed that Valley Heating had grown from a small partnership in 1959 to a company grossing over one million dollars in .1969, and on four days in August, 1969, a radio commercial apologized to the people of metropolitan Birmingham for being behind with their surveys and estimates for air conditioning.

Appellee's evidence showed that the granting of a temporary injunction would cause it serious injury through the loss of future gas revenues, loss of goodwill and possible attrition of its sales and service staffs. It also stated that it had sold many units under a liberal warranty and the granting of the temporary injunction would deprive many customers of their rights under the warranties.

Applying the law enunciated to the facts stated, we do not think the trial court abused its discretion in denying this extraordinary remedy, especially since appellee's practices were not new or novel, but had been employed for several years.

Affirmed.

LIVINGSTON, C. J., and LAWSON, HARWOOD and McCALL, JJ., concur.