This is an appeal from an order granting a preliminary injunction against foreclosure of a mortgage. We reverse and remand.
Plaintiffs are general contractors who contracted with Regency Health Club, Inc., to construct a building to be used as a health club. Fred Fitts, president of Regency, negotiated on its behalf. Prior to the commencement of construction, Robert L. Whitmore, a plaintiff, was advised by Tom Stinson, president of First City National Bank of Oxford, that First City had loaned the money to Regency for construction of the health club. In April 1975, Regency executed a mortgage to First City for $175,000. Plaintiffs began construction in July 1975. The contract price for the building was $180,000. In September 1975, when construction was 40 percent complete, plaintiffs received their first payment on the contract from First City. They were informed that no further funds would be paid by First City for work on the health club because First City's legal loan limit was $135,000 to $140,000 and $131,864 had already been expended under the loan *Page 1011 
agreement. Of that amount, $23,864 was paid to plaintiffs and $108,000 was paid to Fitts and Regency. Stinson testified that First City had taken a mortgage for $175,000 because it expected to get another bank to provide the amount that exceeded First City's legal loan limit. After being informed that no more funds would be available from First City, plaintiffs testified they were told by defendants that they should continue working and were assured that defendants would try to work something out. They say that, in reliance on these assurances, they continued work on the building until it was about 70 percent complete. At that point, plaintiffs had performed approximately $109,000 worth of work on the health club. Regency defaulted on its mortgage, and First City instituted foreclosure proceedings. Sale of the property was scheduled for December 29, 1975.
Plaintiffs filed suit on December 22, 1975, to enjoin foreclosure on the grounds that defendants had made fraudulent misrepresentations to plaintiffs concerning the availability of funds for constructing the health club. Regency, Fitts, Stinson, and First City were made defendants.
Plaintiffs sought the injunction against foreclosure in connection with the suit, which seeks damages for fraud and for breach of the construction contract. They do not clearly state the theory that underlies their request for the injunction. Plaintiffs apparently sought the injunction to prevent sale of the building and land to a bona fide purchaser at a foreclosure sale prior to the determination of their claim.
After a hearing, the trial judge entered an order granting a preliminary injunction enjoining foreclosure pending a final hearing. First City appeals.
We hold that the trial court erred in granting the preliminary injunction for several reasons.
First, it is not at all clear from the complaint that the purpose of plaintiffs' suit is to enforce a lien. If this is not the purpose of the suit, the trial court had no basis for granting the injunction.
Second, plaintiffs have offered no evidence whatsoever to show that they have a lien. There is, at most, the bare assertion, in complaint and brief, that they have a lien. Having failed to prove the existence of a lien, there is certainly no ground for issuance of an injunction to protect it.
Moreover, at the hearing on the preliminary injunction, the burden was on plaintiffs to show that they would sufferirreparable injury, namely, loss of their lien, if the foreclosure were not enjoined. They did not do so. An injunction should not be granted unless it is necessary to prevent irreparable injury. Watts v. Victory, 295 Ala. 567,333 So.2d 560 (1976).
Finally, even if we assume that plaintiffs have a lien and that they will effectively lose it if the mortgage is foreclosed, they still have a remedy in the suit for fraud. The availability of this remedy is another reason for concluding that plaintiffs have failed to show that refusal of a preliminary injunction would cause them irreparable injury.
REVERSED AND REMANDED.
JONES, ALMON, and EMBRY, JJ., and SIMMONS, R.C.J., sitting by designation of the Chief Justice, concur.