SHORES, Justice.
Sam Raine Construction Co., Inc. (Raine) filed suit to enjoin Lakeview Estates, Inc. (Lakeview) from obstructing and thereby cutting off Raine’s access to its property on an allegedly public road.
Both sides filed motions for summary judgment with supporting affidavits. Raine supported its allegation that the road was a public road, either having been dedicated as such, or used by the public and kept up by the county for more than twenty years, thus becoming a public road by prescriptive use for more than twenty years.
Lakeview’s witness supported its assertion that the road was a private road.
The trial court granted summary judgment in favor of Lakeview and Raine appealed. We reverse.
There are at least two fact issues to be resolved in this case requiring reversal of the summary judgment. The evidence is in sharp conflict as to whether the road in controversy is a public road or a private road.
Lakeview argues that, even if it is, Raine has no standing to question its obstruction, contending that the obstruction of a public road constitutes a public nuisance and Raine has suffered no injury *1108 special to it and different from that suffered by the public generally. This, too; presents an issue of fact or perhaps a mixed question of law and fact. Raine has alleged in its complaint that it is denied access to its property by the obstruction. If that is found to be so, it clearly has standing to challenge the obstruction of this road, if the road is a public road.
As the successful moving party, on motion for summary judgment, Lakeview had the burden of negating the existence of any material issue of fact. This it clearly has not done. In fact, in brief, it asserts that the issue to be resolved in this controversy is whether the road is a public or private road. The facts determinative of a resolution of that issue must first be established in a trial.
As we have so frequently said, summary judgment is never proper if a genuine issue of fact remains in the case. Here, the central facts in the controversy remain.
During the course of this controversy, which is apparently heated on both sides, Lakeview filed a petition for preliminary injunction seeking to keep Raine from using the road to transport heavy machinery to its property. A physical altercation had occurred between the property owners in Lakeview Estates on one side and Raine’s personnel on the other. The trial court granted a preliminary injunction maintaining the status quo pending the outcome of the litigation, which had the effect of enjoining Raine from using the road until that time. Raine appealed this order within fourteen years days under ARAP 4(a)(1)(A). We affirm.
A trial court has wide discretion in acting upon a complaint seeking a temporary injunction. Watts v. Victory, 333 So.2d 560 (Ala.1976). Here, there was evidence of physical violence growing out of Raine’s attempts to use what Lakeview contends is a private road to which the public has no rights. Until Raine proves the allegations of its complaint and establishes its assertions that it has a right to use the road because it is a public road, the trial court cannot be said to have abused its discretion in enjoining Raine in its use pending the outcome of the litigation.
The order granting a preliminary injunction in favor of Lakeview (Case No. 77-335) is affirmed.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
MADDOX, JONES, ALMON and BEAT-TY, JJ., concur.