404 So.2d 52 (1981)
DOUBLE C. PRODUCTIONS, INC., a Corporation
v.
EXPOSITION ENTERPRISES, INC., a Corporation.
80-335.
Supreme Court of Alabama.
September 11, 1981.
*53 William L. Irons, Birmingham, for appellant.
James S. Ward of Stuart & Ward, Birmingham, for appellee.
JONES, Justice.
This is an appeal from an order of the Circuit Court of Jefferson County denying Appellant's motion to enjoin the Appellee's alleged illegal use of a trade name.
In August of 1980, after approximately ten years of sponsoring the Birmingham Sport and Boat Show, Appellant sold the Show to Appellee for a purchase price of $80,000 due in six installments of various amounts. The contract of sale, in Section 1, states the "Subject of Sale":
"i. NameBIRMINGHAM SPORT AND BOAT SHOW.
ii. Goodwill associated with name.
iii. Accounts, contracts receivables and all other contracts for subject show.
iv. Books, records and documents of subject show.
v. Inventory, if any."
The contract further provides for Appellant to "retain a security interest in all items described in Section 1, as well as accounts and contracts receivable, leasehold interests and other contracts pertaining to said show coming into existence subsequent to said execution of this Agreement and Seller shall have all of the rights and remedies provided to a secured party pursuant to the Texas Business and Commerce Code to secure and enforce Seller's security interest in the event of default." The contract went on to define "default," and set out the remedies available to Appellant upon Appellee's default, including repossession and sale of the collateral.
In January of 1981, Appellant notified Appellee that foreclosure on the contract collateral for the alleged default of Appellee would be held on January 30, 1981, at 11:00 A.M., at 5010 Dincans, Houston, Harris County, Texas, "unless payment, as called for, had been previously made." The foreclosure sale was completed on January 30, coinciding with the third day of the five-day 1981 Birmingham Sport and Boat Show, under Appellee's sponsorship. On this same day, the Jefferson County Circuit Court denied Appellant's motion for a temporary restraining order to enjoin Appellee's continued use of the name "Birmingham Sport and Boat Show," and set a date for a hearing on Appellant's motion for a preliminary injunction. At the close of the February 9, 1981, hearing on that motion, the trial court denied injunctive relief, stating:
"[I]t appears to the Court that there is a reasonable likelihood that there has not [been] a material breach of this contract at the time the foreclosure sale was had and at the time the foreclosure was declared. It may well develop that on the merits that it was, but I'm concerned that all that appears right now in terms of monies due the Plaintiff in this case that the evidence may have been there, but for whatever reason, I [am] not satisfied that it has been proven that there has been a breach of [the money obligation] from a standpoint of payment to the Plaintiff.
"... I'm not prepared to ... rule at this time that it has been shown to the Court that there is a likelihood of immediate and irreparable injury. I would anticipate and I would urge the parties to bring this case to a quick conclusion on the merits so that both parties know where they stand in the terms of their obligations under this agreement because of the Boat Show."
This appeal followed.
Within the bounds of judicious application, the power to grant or deny preliminary injunctive relief is a function of the trial court; and, in reviewing the exercise *54 of this power, this Court consistently recognizes and upholds, if at all possible, the wide discretion of the trial court. Our circumscribed review of a trial court's order granting or refusing a preliminary injunction is mandated by well-defined requisites which the movant must meet in order to establish, to the satisfaction of the trial court, the need for preliminary relief.
The standard developed through our cases, by which the trial court measures application for preliminary injunctive relief, prescribes those requisites:
1) "A trial judge does not have to find that the party seeking a preliminary injunction would certainly prevail on the merits in order to grant the injunction. Rather, if he finds that the party has presented a fair question as to the existence of the right to be protected, and further finds that temporary interference to preserve the status quo is convenient and expedient, then he may exercise his discretion and grant the injunction." Alabama Ed. Ass'n v. Bd. of Trustees, 374 So.2d 258, 262 (Ala.1979).
2) "... An injunction should not be granted unless it is necessary to prevent irreparable injury." First City National Bank of Oxford v. Whitmore, 339 So.2d 1010, 1011 (Ala.1976).
3) "Injunctions, however, will not be granted `... merely to allay apprehension of injury; the injury must be both imminent and irreparable in a court of law ...' Cullman Property Co. v. H. H. Hitt Lumber Co., 201 Ala. 150, 153, 77 So.2d 574, 577 (1917)." Watts v. Victory, 333 So.2d 560, 563 (Ala.1976).
In measuring the relief sought by a complainant against this standard, the trial court, then, in its discretion and under the individual facts and circumstances of each case, "... may consider and weigh the relative degree of injury or benefit to the respective parties...." Valley Heating, Cooling & Elec. Co. v. Alabama Gas Corp., 286 Ala. 79, 82, 237 So.2d 470 (1970).
It is a settled principle of law in Alabama that granting or refusing a motion for preliminary injunctive relief is within the wide discretion of the trial court. This Court will review and reverse such a determination only when, in the light of reason and of all the circumstances which were before the trial court, the trial court abused its discretionary freedom and committed a clear error which, if uncorrected, would result in obvious injustice. Valley Heating, Cooling & Elec. Co. v. Alabama Gas Corp., 286 Ala. 79, 82, 237 So.2d 470 (1970); Willowbrook Country Club, Inc. v. Ferrell, 286 Ala. 281, 239 So.2d 298 (1970); Watts v. Victory, 333 So.2d 560, 562 (Ala. 1976); Alabama Ed. Ass'n. v. Bd. of Trustees, 374 So.2d 258 (Ala.1979).
In Lorch, Inc. v. Bessemer Mall Shopping Center, Inc., 294 Ala. 17, 310 So.2d 872 (1975), this principle was more clearly defined by the adoption of the language of 5A C.J.S. Appeal & Error § 1591 (1958), which states:
"The discretion exercised by the trial court is, however, a legal or judicial one which is subject to review for abuse or improper exercise, as where there has been a violation of some established rule of law or principle of equity, or a clear misapprehension of the controlling law... and, where an abuse of discretion is clearly made to appear, the appellate court will reverse the order or decree..." (Emphasis supplied.)
This Court has further held that although the "ultimate test on appeal is whether the trial court abused its discretion, its application must find its source in the initial issues (with their corresponding presumptions and burdens) presented to the trial court." Alabama Ed. Ass'n. v. Bd. of Trustees, supra. The test, then, of the trial court's discretion in this case has its premise in the pleadings and proof offered at the hearing on the motion for a preliminary injunction. At issue before the trial court was the propriety and validity of the Texas foreclosure and the vesting of title of the collateral in Appellant, and the unlawful use of the the trade name Birmingham Sport and Boat *55 Show (an element of the collateral foreclosed on) by Appellee after the foreclosure.
Appellant's amended complaint succinctly narrows the basis on which injunctive relief is sought. In that pleading it alleges:
1. The execution of a contract between the parties for the sale of the Birmingham Sport and Boat Show and for the security interest contained therein, and the default of Appellee and the subsequent uncontested foreclosure by Appellant;
2. Appellee's continuous and unlawful use of the name Birmingham Sport and Boat Show after said foreclosure;
3. "immediate and irreparable injury" sustained by Appellant "by the continuing and repeated illegal use of the name Birmingham Sport and Boat Show;"
4. Appellant's lack of an adequate remedy at law; and
5. Appellant's request for temporary and permanent injunctive relief in enjoining Appellee's further use of the name Birmingham Sport and Boat Show.
The pleading and proof submitted by Appellant present a prima facie showing of entitlement to the injunctive relief sought. The fact of a foreclosure, purportedly executed in accordance with the Texas version of the Uniform Commercial Code, effectively transferred title of the trade name from Appellee/Mortgagor to Appellant/Mortgagee. Because there is no showing, by pleadings or proof, traversing Appellant's prima facie case, the trial court lost its discretionary power and was bound to grant the relief sought. Stated otherwise, Appellant's amended complaint, seeking only injunctive relief, is grounded upon allegations which, if true, entitle the Appellant to the relief prayed for. The uncontested foreclosure established in the Appellant the clear legal right to the exclusive use of the trade name "Birmingham Sport and Boat Show."
These allegations, and the proof in support thereof, must be met by countervailing contentions or traversing factual averments to invoke the discretionary powers of the trial court. Otherwise, the clear legal right of the Appellant to the injunctive relief sought stands uncontradicted and the denial of a preliminary injunction is an abuse of the trial court's judicial discretion.
We, of course, are not reviewing a final judgment on a hearing of the case on its merits. The only issue here presented is the propriety of the order denying the motion for preliminary injunction on the Plaintiff's pleading (without responsive pleading by Defendant) and the proof adduced by the parties at the preliminary injunction hearing. The evidence may show that Plaintiff is not entitled to a permanent injunction. For example, the Defendant, pursuant to the Texas U.C.C. parallel to our Code 1975, § 7-9-506, may offer to redeem the collateral. We merely hold that the record before us establishes a clear right of the Plaintiff to the relief sought, absent the assertion of any countervailing legal defense thereto. Therefore, the trial court was without the discretionary power to deny the injunctive relief prayed for.
The order denying a preliminary injunction is reversed and this cause is remanded for the entry of an order consistent with this opinion, and for an expeditious hearing on its merits.
REVERSED AND REMANDED.
MADDOX, FAULKNER, SHORES, BEATTY and ADAMS, JJ., concur.
TORBERT, C. J., and ALMON and EMBRY, JJ., dissent.
TORBERT, Chief Justice (dissenting).
I dissent. It is well recognized in Alabama that the burden rests with the moving party to establish and prove to the trial court that all of the elements necessary for the issuance of a preliminary injunction exist. Alabama Education Association v. Board of Trustees of the University of Alabama, 374 So.2d 258 (Ala.1979). Included in this burden is the duty of the movant to show that it would suffer irreparable harm if no injunction issued, that there is at least *56 a probability of ultimate success on the merits of the controversy, and that the injunction is necessary to prevent interference with the status quo. Alabama Education Association v. Board of Trustees of the University of Alabama, 374 So.2d 258 (Ala. 1979); International Molders & Allied Workers Union v. Aliceville Veneers Division, Buchanan Lumber Birmingham, 348 So.2d 1385 (Ala.1977); Watts v. Victory, 333 So.2d 560 (Ala.1976).
As Justice Beatty stated in International Molders, "[T]he injunctive process is a power to be exercised sparingly ... and rarely granted on interlocutory applications," 348 So.2d at 1390. The only exception is that:
[T]he right of complainant must be clear and unmistakable on the law and the facts; and there must exist an urgent and paramount necessity for the issuing of the writ in order to prevent extreme or other serious damage which would ensue from withholding it.
City of Decatur v. Meadors, 235 Ala. 544, 180 So. 550 (1938). It is quite apparent that the trial court did not find all of these elements present and felt that Double C Productions, Inc., had failed to meet its burden.
In determining whether a preliminary injunction should issue, wide discretion is accorded the trial judge and if no abuse of that discretion is shown, his action will not be disturbed on appeal. Alabama Education Association v. Board of Trustees of the University of Alabama, 374 So.2d 258 (Ala. 1979); Watts v. Victory, 333 So.2d 560 (Ala. 1976); Lorch, Inc. v. Bessemer Mall Shopping Center, Inc., 294 Ala. 17, 310 So.2d 872 (1975). There is an abuse of discretion only when the trial judge exceeds the bounds of reason, considering all the circumstances before the Court. Valley Heating, Cooling & Electric Co. v. Alabama Gas Corp., 286 Ala. 79, 237 So.2d 470 (1970). To establish an abuse of that discretion, an appellant must show that the trial court committed a clear and palpable error that will constitute a manifest injustice unless corrected. Alabama Education Association v. Board of Trustees of the University of Alabama, 374 So.2d 258 (Ala.1979); Watts v. Victory, 333 So.2d 560 (Ala.1976).
Viewing the circumstances of this case, I cannot say that the trial court abused its discretion beyond the "bounds of reason," nor can I find "clear and palpable error."
The trial court found that prior to January 23, 1981, Exposition Enterprises, Inc. (Exposition) had received no notice of any complaints or problems concerning the show, the sales contracts, or the payment of creditors from Double C Productions, Inc. (Double C). It was not until 5:00 p. m., January 26, 1981, only two days before the show was to begin, that Exposition first learned that Double C had any complaints with the contract. It was at this time that Exposition was notified of a proposed foreclosure in Texas, to take place at 11:00 a. m., January 30, 1981. As recognized by the trial court, this imposed severe limitations on Exposition. The trial court noted:
Well, it is a little difficult to justto contest something in Houston, Texas of [sic] Huntsville, Texas or wherever the foreclosure was held in the period of time that was given.
Yet Exposition did attempt to forestall the foreclosure. Telephone calls were placed to Double C's Texas attorney on January 28, 1981, on January 29, 1981, and on January 30, 1981, in an effort to resolve the dispute. These calls, however, were not returned until after the foreclosure sale on January 30, 1981. Yet the complaint in this case, though fourteen pages in length, was filed at 12:39 p. m. in the Jefferson County, Alabama, Circuit Court, barely one hour after the foreclosure sale was completed. Thus, Exposition was given little, if any, opportunity to contest the foreclosure.
Furthermore, as the trial court suggested, any alleged breaches on Exposition's part were not material. Likewise, Double C did not establish to its satisfaction that irreparable harm would result if no injunction issued; besides, the court found that Double C had an adequate remedy at law. The trial court stated:
Further examinations of the matters and relief sought by the Plaintiff (Double C) shows a claim for money, damages and personal property. These matters do not constitute irreparable injury and preliminary *57 injunctive relief is not appropriate as a substitute for seizure.
Thus, Double C has an adequate remedy at law and can proceed under its claim for money damages.
Finally, it is important to note that one important function of a temporary injunction is the preservation of the status quo. Alabama Education Association v. Board of Trustees of the University of Alabama, 374 So.2d at 262. Yet here the granting of a temporary injunction would have disrupted and changed the status quo. At the time of the foreclosure, of the filing of the complaint, and of the hearing, Exposition was promoting and conducting the show and dealing with its connected obligations. Yet, Double C, if the temporary injunction issues, will replace Exposition and perform these duties. Without doubt, this alters the status quo.
It is my firm belief that Double C Productions, Inc., did not meet its burden in the court below, and that the trial court did not abuse its discretion in denying the preliminary injunction. Furthermore, the trial court's judgment and order were not clearly and palpably wrong, without supporting evidence, or manifestly unjust. As a result, I believe that the trial court should be affirmed.
ALMON and EMBRY, JJ., concur.