INGRAM, Presiding Judge.
In March 1990, the Macon County Racing Commission (commission) issued two regulations which affected its licensee, Macon County Greyhound Park (VictoryLand). VictoryLand then filed suit in the Circuit Court of Macon County, seeking declaratory relief and injunctive relief pursuant to Rule 65, Alabama Rules of Civil Procedure.
A hearing was held concerning the requested preliminary injunction, and the attorneys for both sides were present and argued their case. However, while there were arguments made by the attorneys, there was no evidence presented. The circuit court then granted VictoryLand’s request for a preliminary injunction pending the outcome of the hearing on the merits of the case. The commission appeals.
The dispositive issue on appeal is whether the circuit court erred in granting the preliminary injunction.
The law is well settled that, within the bounds of judicious application, the power to grant or deny preliminary injunctive relief is in the discretion of the trial court. Teleprompter of Mobile, Inc. v. Bayou Cable TV, 428 So.2d 17 (Ala.1983). This court’s review of a trial court’s order granting or refusing to grant a preliminary injunction is mandated by well-defined requisites which the movant must meet in order to establish, to the satisfaction of the trial court, the need for preliminary relief. Double C. Productions, Inc. v. Exposition Enterprises, Inc., 404 So.2d 52 (Ala.1981).
Under prevailing Alabama law, Victory-Land was obligated to establish the following elements as conditions necessary to support the issuance of a preliminary injunction: First, the burden was on Victory-Land to show that it would suffer irreparable injury; and second, an injunction, like any other equitable remedy, will only issue where there is no adequate remedy at law. Teleprompter. Further, Alabama has developed a three-pronged test by which the trial court can review an application for a preliminary injunction. (1) If the trial court finds that the movant has presented a fair question as to the existence of a right to be protected, and if the trial court further finds that temporary interference to preserve the status quo is convenient and expedient, then it may exercise its discretion and grant the injunction. (2) The trial court should not grant an injunction unless it is necessary to prevent irreparable injury. (3) Injunctions will not be granted merely to allay apprehension of injury; the injury must be both imminent and irreparable in a court of law. Teleprompter.
Here, there was no evidence presented by VictoryLand at the hearing. The circuit court found, however, that the injunction was due to be granted simply to maintain the status quo. In view of the above stated law, we find that VictoryLand did not meet its burden of proof and that the circuit court erred in granting it the requested preliminary injunction pursuant to Rule 65. Furthermore, an examination of the circuit court’s order reveals that it violated Rule 65(d)(2), Ala.R.Civ.P., by failing to give reasons for the issuance of the injunction and failing to be specific in its terms.
Rule 65(d)(2), in pertinent part, is as follows:
“(2) Every order granting an injunction shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document. ...”
The circuit court’s order, in part, reads:
“After considering plaintiff’s motion for a preliminary injunction in connection with the argument of counsel, including all legal authority cited, the Court is satisfied that a preliminary injunction should issue for the purpose of maintaining status quo.”
It is apparent that the order does not comply with Rule 65(d)(2). Although the order does state that it is best to keep the status quo, it does not give specific reasons for its decision. Pursuant to Rule 65, it is mandatory that a preliminary injunction order give reasons for issuing the injunction, be specific in its terms, and describe in reasonable detail the act or acts sought to be restrained. Teleprompter. Therefore, *821 since the provisions of Rule 65(d)(2) were not followed and there was no evidence of an irreparable injury or lack of an adequate remedy at law, the order of the circuit court is reversed and the case is remanded to the circuit court to dissolve the preliminary injunction instanter.
REVERSED AND REMANDED WITH DIRECTIONS.
ROBERTSON and RUSSELL, JJ„ concur.