BEATTY, Retired Justice.
In January 1998, George Babakitis, as conservator for Joseph T. Robino, Jr., filed a multi-count complaint against S.T. Robino, alleging that Robino had converted to his own use the rents received from the tenants of certain commercial properties, including the Lorna Village Shopping Center. The complaint requested an accounting of the rent monies received, injunctive relief regarding the collection of rents, and a sale of the properties and a division of the proceeds. Joseph T. Robino, Jr., and S.T. Robino are brothers. The trial court entered a temporary restraining order, enjoining Robino from collecting rent from the tenants of those certain commercial properties and appointing Southpaee Properties, a real estate management company, to manage the properties and to collect and disburse the rents.
In February 1998, Beal Bank filed a motion to intervene. Beal Bank alleged that it held a note that was in default and that the note was secured by a mortgage on certain properties, including the Lorna Village Shopping Center. Beal Bank also alleged that in light of the default by Joseph T. Robino and S.T. Robino, it had declared the outstanding principal amount of the note to be immediately due and payable and had commenced foreclosure proceedings against the property. Beal Bank stated that as of January 31, 1998, the Robinos owed Beal Bank $284,305.79 in principal, interest, escrow payments, and late charges. Beal Bank asserted that it wished to intervene in order to protect its rights to receive all rental income generated by the property, less reasonable and necessary expenses. The trial court granted Beal Bank’s motion to intervene.
Thereafter, Babakitis filed a complaint for declaratory relief, seeking a determination of whether Beal Bank has a right to institute foreclosure proceedings and conduct a foreclosure sale of certain properties owned by the Robinos. Babakitis also filed an emergency motion for injunctive relief, seeking to enjoin the foreclosure sale pending the outcome of the declaratory action.
After a hearing, the trial court issued a preliminary injunction, enjoining Beal Bank from proceeding with the foreclosure sale.
Beal Bank appealed to the Alabama Supreme Court, which transferred the case to this court pursuant to § 12-2-7(6), Ala.Code 1975.
*688 Beal Bank contends that the trial court abused its discretion when it issued the preliminary injunction because, among other things, it says Babakitis failed to offer at the hearing any admissible evidence to support' the issuance of a preliminary injunction. We agree.
It is well settled that the moving party has the burden of establishing that a preliminary injunction should be issued. Teleprompter of Mobile, Inc. v. Bayou Cable TV, 428 So.2d 17 (Ala.1983). There are certain elements (irreparable injury and the absence of an adequate remedy at law) that the moving party must establish in order to support the issuance of a preliminary injunction. Macon County Racing Comm’n v. Macon County Greyhound Park, Inc., 574 So.2d 819 (Ala.Civ.App.1990). See also First City Nat’l Bank of Oxford v. Whitmore, 339 So.2d 1010 (Ala.1976).
We have reviewed the record, and we conclude that Babakitis offered no admissible evidence to support the issuance of the preliminary injunction. Additionally, we observe, for purposes of guidance, that the trial court’s order does not state the court’s reasons for granting the injunction, as required by Rule 65(d)(2), Ala. R. Civ. P. This requirement is mandatory. Chunchula Energy Corp. v. Ciba-Geigy Corp., 503 So.2d 1211, 1215 (Ala.1987).
Consequently, the judgment of the trial court is reversed, and this cause is remanded with directions to dissolve the preliminary injunction.
The foregoing opinion was prepared by Sam A. Beatty, Retired Justice, Supreme Court of Alabama, while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
REVERSED AND REMANDED WITH DIRECTIONS.
YATES, MONROE, and THOMPSON, JJ., concur.
ROBERTSON, P.J., and CRAWLEY, J., concur in the result.