Randy Watson appeals from what he alleges is an appealable interlocutory order entered by the trial court on July 6, 2004, refusing to rule on his motion for a preliminary injunction. Because the trial court did not issue an appealable interlocutory order on that day, we dismiss the appeal.
 Facts and Procedural History
In October 2003, Randy went to Regions Bank to open a savings account and to deposit $750,000[1] into that account. Randy alleges that a Regions Bank employee, Melissa Smith, told him that "he could not deposit the entire amount into one account, and that he had to open multiple accounts with increments of $100,000.00, and that every account could not be in his name." Randy claims that based on representations of the Regions Bank employee, he deposited funds into several accounts that he opened in the name of Laushaun D. Watson.[2] Apparently, Randy opened five accounts in Laushaun's name: one certificate-of-deposit ("CD") account in his and Laushaun's names, one CD account in Laushaun's name only, one investment account in Laushaun's name only, one CD account in Laushaun's and Aaliyah Brianna Watson's names, and one investment account in his and Laushaun's names. Randy alleges in his complaint that in November 2003 Laushaun withdrew $250,000 from the accounts without Randy's knowledge or consent.
On April 23, 2004, Randy sued Regions Bank, Laushaun, and several fictitiously named defendants alleging misrepresentation and theft. Randy alleged, among other things, (1) that Regions Bank misrepresented to him the need to open multiple accounts and to open accounts in Laushaun's name in addition to his own, (2) that Laushaun withdrew funds from the *Page 767 
accounts without Randy's knowledge or consent, and (3) that certain fictitiously named defendants negligently, fraudulently, or wantonly failed to protect his funds. Randy also moved for an emergency temporary restraining order, asserting that Laushaun and Regions Bank had in their possession a CD in the amount of $250,000 and that there was a substantial likelihood that the CD would be cashed and the money withdrawn before the claims set out in Randy's complaint were adjudicated. Randy moved the trial court to issue the temporary restraining order to prevent Laushaun and Regions Bank from "disposing, transferring, spending, giving away, or secreting any assets; in particular, approximately $250,000.00 that is on deposit at Regions Bank in Evergreen, Alabama, which is a portion of the proceeds from a personal injury claim of [Randy Watson] and that [Laushaun and Regions Bank] be prohibited from transferring or otherwise disposing of any assets or monies belonging to the parties."
On April 27, 2004, the trial court held a hearing on the motion for a temporary restraining order. On May 5, 2004, the trial court issued the temporary restraining order, directing Regions Bank to place a hold on any investment and CD accounts in Randy's and/or Laushaun's name. The trial court's order indicates that the trial court also set the matter for a hearing to be held at 1:30 p.m. on that same day. Randy claims that he did not receive notice of the May 5, 2004, hearing until May 12, 2004. The record includes a docket notice dated May 12, 2004, which states that the trial court set a hearing for July 6, 2004; it appears that the trial court sent the docket notice to the parties on May 12, 2004.
On June 7, 2004, Laushaun answered and moved to dismiss the complaint, arguing that Randy had failed to state a claim upon which relief could be granted. On June 9, 2004, Laushaun moved to vacate the temporary restraining order. The following day, on June 10, 2004, the trial court set a hearing on the motion to vacate for July 6, 2004. On July 1, 2004, Randy moved for a preliminary injunction.
At the July 6, 2004, hearing, the trial court held that the motion to vacate was moot because the temporary restraining order, issued without notice to Laushaun, had expired as a matter of law. See Rule 65(b), Ala. R. Civ. P. ("Every temporary restraining order granted without notice . . . shall expire by its terms within such time after entry not to exceed ten (10) days. . . ."). The trial court scheduled a hearing on the motion for a preliminary injunction for October 28, 2004.
On July 7, 2004, Randy again moved for an emergency temporary restraining order. On July 13, 2004, the trial court denied the motion; a handwritten notation by the trial judge on that motion states, "Denied. No affidavit." That same day, Randy appealed to the Court of Civil Appeals.
On July 19, 2004, the Court of Civil Appeals issued a "Notice To Stay Proceedings On Appeal," stating that the appeal might be selected for appellate mediation. On August 2, 2004, the Court of Civil Appeals reinstated the appeal and, after determining that it lacked subject-matter jurisdiction, on August 3, 2004, transferred the appeal to this Court.
On November 5, 2004, Laushaun moved this Court to dismiss the appeal, arguing that the trial court issued no interlocutory order relating to an injunction from which Randy may appeal. Randy did not respond.
On appeal, Randy argues that the trial court erred (1) in setting the first hearing on the preliminary injunction for May 5, *Page 768 
2004, without first notifying the parties;[3] (2) in finding that the first temporary restraining order had dissolved as a matter of law; and (3) in setting a second hearing on the preliminary injunction for October 28, 2004.
 Standard of Review
An appeal may be taken from "any interlocutory order granting, continuing, modifying, refusing, or dissolving an injunction, or refusing to dissolve or to modify an injunction." Rule 4(a)(1)(A), Ala. R.App. P. The standard for reviewing a trial court's grant or denial of a preliminary injunction is whether the trial court exceeded its discretion in granting or denying the preliminary injunction. Teleprompter of Mobile, Inc. v.Bayou Cable TV, 428 So.2d 17, 19 (Ala. 1983); Valley Heating,Cooling Elec. Co. v. Alabama Gas Corp., 286 Ala. 79,237 So.2d 470 (1970). To establish that the trial court exceeded its discretion in granting or denying the injunction, the appellant must show that the trial court committed a clear or palpable error, which, if left uncorrected, would result in a manifest injustice. 286 Ala. at 82, 237 So.2d at 472.
 Analysis
Rule 65(b), Ala. R. Civ. P., states, in pertinent part:
 "Every temporary restraining order granted without notice shall be endorsed with the date and hour of issuance; shall be filed forthwith in the clerk's office and entered of record, and shall expire by its terms within such time after entry not to exceed ten (10) days, as the court fixes (except in domestic relations cases, the ten(10-) day limitation shall not apply), unless within the time so fixed the order for good cause shown is extended or unless the party against whom the order is directed consents that it may be extended for a longer period. In case a temporary restraining order is granted without notice, the motion for a preliminary injunction shall be set down for hearing at the earliest possible time and takes precedence of all matters except older matters of the same character; and when the motion comes on for hearing the party who obtained the temporary restraining order shall proceed with the application for a preliminary injunction and, if he does not do so, the court shall dissolve the temporary restraining order."
Laushaun argues that Randy's appeal should be dismissed because, she argues, the trial court did not issue an interlocutory order "granting, continuing, modifying, refusing, or dissolving an injunction, or refusing to dissolve or to modify an injunction." See Rule 4(a)(1)(A), Ala. R.App. P. Randy argues that at the July 6, 2004, hearing the trial court erred in refusing to consider Randy's motion for a preliminary injunction and instead setting that motion for a hearing on October 28, 2004. The transcript of the July 6, 2004, hearing shows that the trial court refused to rule on Randy's motion for a preliminary injunction on that day. The trial court stated that it would set the preliminary injunction for a hearing at a later time. Thereafter, Randy's counsel asked the trial court to reinstate the temporary restraining order, to which the trial court responded that it had only a motion for a preliminary injunction before it, not one for a temporary restraining order. The trial court restated that it would set the preliminary injunction for a hearing at a later time. Later that same day, the trial court entered a handwritten notation on the motion for a preliminary injunction, *Page 769 
setting it for a hearing to be held on October 28, 2004.
Under Rule 65(b), Ala. R. Civ. P., the temporary restraining order issued in response to Randy's first motion expired on May 15, 2004, 10 days after it was issued. The trial court denied Randy's second motion for an emergency temporary restraining order on July 13, 2004. The trial court's denial of the second emergency motion for a temporary restraining order is an interlocutory order refusing an injunction, which was appealable pursuant to Rule 4(a)(1)(A), Ala. R.App. P.[4] However, it is not that motion from which Randy appeals; instead, Randy appeals from the trial court's July 6, 2004, action setting the hearing on the preliminary injunction for October 28, 2004. The trial court's scheduling of a hearing is not an interlocutory order "granting, continuing, modifying, refusing, or dissolving an injunction, or refusing to dissolve or to modify an injunction." Rule 65(b), Ala. R. Civ. P. Therefore, we dismiss Randy's appeal.
 Conclusion
Because Randy's appeal is not from an appealable interlocutory order, we must dismiss his appeal.
APPEAL DISMISSED.
NABERS, C.J., and HARWOOD, STUART, and BOLIN, JJ., concur.
[1] Watson claims that he received this money as a result of a consent judgment entered in a workers' compensation suit.
[2] The nature of Randy and Laushaun's relationship is in dispute. Laushaun claims that she is Randy's common-law wife. Randy claims that he and Laushaun are not husband and wife.
[3] However, Randy did not move for a preliminary injunction until July 1, 2004.
[4] This Court has stated that an order dissolving a temporary restraining order is appealable under Rule 4(a)(1)(A), Ala. R.App. P. Hunt v. NationsCredit Fin. Servs., 902 So.2d 75, 81
(Ala.Civ.App. 2004). The standard for reviewing the grant or denial of a temporary restraining order is whether the trial court exceeded its discretion. See Water Works Sewer Bd. ofBirmingham v. Anderson, 530 So.2d 193, 195 (Ala. 1988) (reviewing the trial court's issuance of a temporary restraining order); Falk v. Falk, 355 So.2d 722, 725 (Ala.Civ.App. 1978) (reviewing the trial court's denial of a motion to dissolve a temporary restraining order).